**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHEM RX PHARMACY SERVICES, LLC,**

                       **Plaintiff,**

   vs.                                            **3:13-CV-209
                                                          (MAD/DEP)**

**LEATHERSTOCKING HEALTHCARE,
LLC,**

                       **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FLUTZ MADDOX HOVIOUS**             **JENNIFER METZGER STINNETT, ESQ**
**& DICKENS, PLC**
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Attorneys for Plaintiff

**ISEMAN, CUNNINGHAM, RIESTER**     **BRIAN M. CULNAN, ESQ**
**& HYDE, LLP**
9 Thurlow Terrace
Albany, New York 12203
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On February 25, 2013, Plaintiff Chem Rx Pharmacy Services, LLC commenced this action alleging that Defendant defaulted on a Settlement and Forbearance Agreement ("Forbearance Agreement") and a 2012 Pharmacy Services Agreement ("2012 PSA"). *See* Dkt. No. 1. On March 29, 2013, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court on October 1, 2012. *See* Dkt. Nos. 10, 11.

     Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Standard of Review

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2012 U.S. Dist. LEXIS 27787, *3 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'First, under Rule 55(a), when a party fails to plead or otherwise defend the clerk must enter the party's default.'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado*

*Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

**B.     Application**

In the case currently before the Court, Plaintiff has established through its complaint and attached exhibits that it is entitled to judgment in its favor. On March 4, 2013, the complaint and summons were properly served on Defendant. *See* Dkt. No. 9. Defendant has failed to answer the complaint or otherwise appear in this matter. The Court finds that Plaintiff has complied with the requirements for the Court to grant Plaintiff's motion as to liability under Local Rule 55.2(b); and, as such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure. Therefore, the following factual allegations are deemed true for the purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that [it] is bound by the terms of the [Agreement] [it] entered into with plaintiff. . . .").

On or about September 1, 2008, Plaintiff entered into a Pharmacy Services Agreement with Defendant to provide goods and services to Defendant. *See* Dkt. No. 1 at ¶ 9. On or about June 5, 2012, Plaintiff and Defendant entered into the Forbearance Agreement in which Defendant agreed that it owed $325,826.18 to Plaintiff and agreed to make monthly payments towards the amounts owed for pharmacy goods and services provided through June 30, 2011 and to pay all invoices arising on or after July 1, 2011. *See id.* at ¶¶ 11–14. The Forbearance Agreement also reduced the amount due to $145,826.18. *See id.* at 11.

On or about July 1, 2012 the parties entered into the 2012 PSA. *See id.* at ¶ 20. The 2012 PSA provided that Defendant would pay Plaintiff for goods and services, consistent with the Forbearance Agreement. *See id.* at ¶ 21. Defendant failed to pay the October 2012, November 2012, and December 2012 settlement payments due under the Forbearance Agreement and therefore defaulted. *See id.* at ¶ 24. Defendant failed to pay the September 2012 invoice due under the 2012 PSA and therefore defaulted under the 2012 PSA and the Forbearance Agreement. *See id.* at ¶ 25.

In its motion for default judgment, Plaintiff seeks the entire amount due under the Forbearance Agreement, less payments, plus the balance due under the 2012 PSA, which it calculates as $86,189.97. *See* Dkt. No. 12–1 at ¶ 11. Further, Plaintiff seeks prejudgment interest, which under the Agreement is to accrue at 18% per annum or $42.50 per day. *See id.* at ¶ 12. Additionally, Plaintiff seeks fees of $15,511.50 and costs of $415.00. *See id.* at ¶¶ 14–15. In support of these calculations of damages, Plaintiff has attached to its motion the following: the Forbearance Agreement, redacted portions of the 2012 PSA, a computation of prejudgment interest, attorney fee invoices, an affidavit from Bernard Tomassetti, the Senior Vice President and Chief Accounting Officer for Plaintiff's parent company, a monthly payment schedule under the Forbearance Agreement, and an invoice under the 2012 PSA.

Having reviewed Plaintiff's submissions, the Court finds that Plaintiff has satisfied its burden regarding the damages sought. Plaintiff, however, has failed to sufficiently substantiate the attorneys' fees sought in this action.

Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). Further, to determine if the hourly rate is

4

reasonably, the Court is required to review "'prevailing market rates,' . . . for comparable attorneys of comparable skill and standing in the pertinent legal community." *Id.* (internal quotation omitted).

In the present matter, the attorneys from Fultz, Maddox, Hovious & Dickens, PLC request $11,766.50 in attorneys' fees. In support of this request, they have submitted an "Attorney Summary Report" which provides only the total number of hours expended by four individuals at their firm and the total amount they seek for each individual's work. *See* Dkt. No. 12-2 at 32. This is patently insufficient to support their request for attorneys' fees.

Mr. Culnan, however, has provided the Court with contemporaneous time records that specify "the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173 (citations omitted); *see also* Dkt. No. 12-2 at 30-31. Plaintiff has failed, however, to support this request with information that would permit the Court to determine whether his requested hourly fee of $350.00 is reasonably in light of his skill and standing in the legal community. *See id.* As such, the Court denies without prejudice Plaintiff's request for attorneys' fees.

Plaintiff has, however, sufficiently supported its request for costs of $415.00. *See* Dkt. No. 12-2 at 31. As such, the Court will award Plaintiff costs of $415.00.

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Plaintiff's motion for default judgment is **GRANTED** consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) Monies owed under the Forbearance Agreement and 2012 PSA of $86,189.97;

5

(2) Prejudgment interest through **February 28, 2014** of $26,902.50; and

(3) Costs of $415.00; and the Court further

**ORDERS** that Plaintiff's request for attorneys' fees is **DENIED without prejudice**; and the Court further

**ORDERS** that Plaintiff must move for attorneys' fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure within **FOURTEEN (14) DAYS** after the entry of judgment; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor.

**IT IS SO ORDERED.**

Dated: February 28, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge