**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CHEM RX PHARMACY SERVICES, LLC,**

                  **Plaintiff,**

  vs.                                            **3:13-CV-209
                                                 (MAD/DEP)**

**LEATHERSTOCKING HEALTHCARE,
LLC,**

                  **Defendant.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

**FLUTZ MADDOX HOVIOUS**               **JENNIFER METZGER-STINNETT, ESQ**
**& DICKENS, PLC**
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Attorneys for Plaintiff

**ISEMAN, CUNNINGHAM, RIESTER**       **BRIAN M. CULNAN, ESQ**
**& HYDE, LLP**                                 **MATTHEW C. WILLIAMS, ESQ.**
9 Thurlow Terrace
Albany, New York 12203
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On February 25, 2013, Plaintiff Chem Rx Pharmacy Services, LLC commenced this action alleging that Defendant defaulted on a Settlement and Forbearance Agreement ("Forbearance Agreement") and a 2012 Pharmacy Services Agreement ("2012 PSA"). *See* Dkt. No. 1. On March 29, 2013, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court on October 1, 2012. *See* Dkt. Nos. 10, 11. In a February 28, 2014 Memorandum-Decision and Order, the Court granted Plaintiff's motion for default judgment. *See* Dkt. No. 16.

Currently before the Court is Plaintiff's motion for attorneys' fees.

## II. DISCUSSION

Attorneys' fees are recoverable where the parties have so agreed in a valid contract. *See, e.g., U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004). In New York, a contractual fee arrangement is enforceable where the language is "unmistakably clear" and unambiguously applies to the dispute at issue. *Coastal Power Int'l Ltd. v. Transcon. Capital Corp.*, 182 F.3d 163, 165 (2d Cir. 1999); *Olympus Imaging America Inc. v. Reifschneider S.A.*, No. 10–CV–4516, 2011 WL 2490596, *1 n.1–2 (E.D.N.Y. June 22, 2011) (holding that, pursuant to the contract, the defendant was required to pay attorneys' fees and court costs incurred in the plaintiff's collection of delinquent payments).

In determining a fee award, courts in the Second Circuit apply the "presumptively reasonable fee" standard, which asks "what a reasonable, paying client would be willing to pay," assuming the client "wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2009)). Generally, the reasonable hourly rate is the prevailing rate charged in the district in which the court sits, by lawyers of comparable skill, experience, and reputation. *See id.* at 175–77; *Hargroves v. City of New York*, No. 03–CV–1668, 2014 WL 1270585, *11 (E.D.N.Y. Jan. 6, 2014). The court will not compensate attorneys for excessive, duplicative, or unnecessary work. *See LaBarbera v. Ovan Const. Inc.*, No. CV–06–2867, 2011 WL 5822629, *5 (E.D.N.Y. Sept. 20, 2011). Finally, a motion for attorneys' fees must include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done," *N.Y.*

2

*State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983), which must be "sufficiently detailed" to allow a court to determine whether the requested fees are reasonable. *Serin v. Northern Leasing Sys., Inc.*, No. 7:06–CV–1625, 2011 WL 1467560, *6 (S.D.N.Y. Apr. 19, 2011).

In the present matter, the Court finds that Plaintiff is entitled to reasonable attorneys' fees and costs. Pursuant to the agreement, Defendant agreed to "reimburse Chem Rx for any and all costs and expenses incurred by or on behalf of Chem Rx in the collection of any payment from the Facility, including, without limitation, reasonable attorneys' fees." Dkt. No. 12-2 at 13.

Five attorneys billed time on this matter: Benjamin C. Fultz, Jennifer M. Stinnett, Christine A. Sebourn, and Matthew C. Williams, all of Fultz Maddox Hovious & Dickens PLC ("FMHD") in Louisville, Kentucky and Brian Culnan of Iseman, Cunningham, Riester & Hyde, LLP in Albany, New York. *See* Dkt. Nos. 19-2, 19-3, 19-4. In addition, a paralegal from FMHD has billed time on this matter. *See id.* In compliance with the Court's February 28, 2014 Memorandum-Decision and Order, Plaintiff has submitted the qualifications and experience of all attorneys involved, as well as contemporaneous time records detailing the nature of the work done and time involved. *See id.* The records indicate that counsel expended reasonable time on the work involved and that the charges are not duplicative of each other.

Moreover, the Court finds the requested rates are reasonable as well. Mr. Culnan and Mr. Fultz are each experienced attorneys who have been practicing for more than twenty years. They have experience in commercial litigation, including with regard to health care matters. As such, the Court finds that the hours rates of $310 in 2012, $330 in 2013, and $340 in 2014 for Mr. Fultz and $350 for Mr. Culnan are reasonable in comparison to the prevailing rate for attorneys of their skill level and experience in the Albany legal community. *See Bosket v. NCO Financial Systems,*

*Inc.*, No. 3:11-cv-678, 2012 WL 4093023, *5 (N.D.N.Y. Sept. 17, 2012) (citing cases in which attorneys' fees were awarded at hourly rates of up to $345 for partners and finding that $250 was appropriate for other experienced non-partner attorneys).

In addition, Ms. Stinnett, a partner at FMHD, has over 10 years of experience as an attorney, during which she has focused her practice on commercial and health care related litigation. Her hourly rates were $250 in 2012 and $265 in 2013, and are $275 this year. Those rates are reasonable in light of Ms. Stinnett's status as a partner with ten years of practice experience, and, in fact, are close to amounts that have been approved by this Court for even non-partners. *See Bosket*, 2012 WL 4093023, at *4 (concluding that $250 per hour is a reasonable rate for the other experienced, but non-partner attorneys).

Additionally, the hourly fees for Ms. Sebourn and Mr. Williams, $225 and $220, respectively, are reasonable given their levels of skill and experience. Both Ms. Sebourn and Mr. Williams are former judicial law clerks for federal judges who have practiced for between five and seven years and have experience dealing with commercial and health care related litigation. *See Legends are Forever, Inc. v. Nike, Inc.*, No. 3:12-cv-1495, 2013 WL 6086461, *4 (N.D.N.Y. Nov. 18, 2013) (finding that $275 per hour for an experienced associate was reasonable).

Finally, Plaintiff acknowledged that Ms. Hoagland, the paralegal who worked on this case, is not entitled to the rates charged. Ms. Hoagland's hourly rate was $110 in 2012, and $120 in 2013 and 2014. *See* Dkt. No. 19-1 at 6-7 (citations omitted). Accordingly, Plaintiff requests a fee award for Ms. Hoagland at the rate of $90, which the Court agrees is reasonable. *See id.*

In accordance with this analysis, Plaintiff is awarded fees totaling $16,381.50, as set forth below:

| Attorney/Paralegal | Hourly Rate | Hours Expended | Total Fees |
|---|---|---|---|
| Brian Culnan | $350 | 10.70 | $3,745.00 |
| Benjamin C. Fultz | $310-$340 | 4.50 | $1,428.00 |
| Jennifer M. Stinnett | $250-$275 | 27.30 | $7,017.00 |
| Christine A. Sebourn | $225 | 9.60 | $1,327.50 |
| Matthew C. Williams | $220 | 2.30 | $506.00 |
| Amy L. Hoagland | $90 | 26.20 | $2,358.00 |
| **TOTAL** | | **80.60** | **$16,381.50** |

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Plaintiff's motion for attorneys' fees is **GRANTED** as set forth herein; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system..

**IT IS SO ORDERED.**

Dated: October 10, 2014
　　　　Albany, New York

Mae A. D'Agostino
U.S. District Judge